IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAUL CALDERON, | ) | CASE NO. 4:13CV3007 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

The court must conduct an initial review of the Amended Petition for Writ of Habeas Corpus ("Amended Petition") (Filing No. 5) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Liberally construed, Petitioner asserts three claims.

Claim One: Petitioner was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments *because* his trial counsel (1) was "in cahoots with the state," (2) failed to argue the defense of "self-defense," and (3) failed to call medical personnel as witnesses. (Filing No. 5 at CM/ECF pp. 1-11.)

Claim Two: Petitioner was denied due process in violation of the Fourteenth Amendment *because* of prosecutorial misconduct. (*Id*. at CM/ECF pp. 11-14.)

Claim Three: Petitioner was denied due process in violation of the Fourteenth Amendment *because* of judicial misconduct. (*Id*. at CM/ECF pp. 18-19.)

The court preliminarily decides that Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of his claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Also pending are several Motions filed by Petitioner. The court will address each motion in turn.

I. **Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction**

Petitioner has filed a Motion for Temporary Restraining Order (Filing No. 4) and a Motion for Preliminary Injunction (Filing No. 11). The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.,* 640 F.2d 109 (8th Cir. 1981), apply to these motions. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.,* 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

Here, the court finds that the *Dataphase* factors do not favor Petitioner to a degree sufficient to warrant issuance of preliminary injunctive relief.[1] Accordingly, his Motion for Temporary Restraining Order and Motion for Preliminary Injunction are denied.

---

[1] Indeed, the Amended Petition appears to be successive. (*See* Case No. 4:08CV3128.) However, when liberally construing Petitioner's assertions, he may be attempting to assert a claim pursuant to 42 U.S.C. § 1983 for an injunction against forced injections. Such a claim is not properly considered within a habeas petition. To the extent that Petitioner desires to pursue such a claim, he should do so in a separate proceeding.

## II. Petitioner's Motion to Appoint Counsel

Petitioner has also filed a Motion to Appoint Counsel. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997), (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire,* 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994), (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts,* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Petitioner's Motion, there is no need for the appointment of counsel at this time.

## III. Petitioner's Motion to Allow Purchase of Envelopes

Petitioner has filed a Motion asking the court to direct the Nebraska Department of Corrections to permit him to buy ten 10x13 manilla envelopes. (Filing No. 3.) Liberally construed, Petitioner alleges his inability to purchase these envelopes is interfering with his access to the courts. (*Id*.) To prove a violation of the right of meaningful access to the courts, Petitioner must establish that Defendant did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008), (citation omitted). "To prove actual injury, [Petitioner] must

3

'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Petitioner has not had a problem communicating with this court (see Filing Nos. 1, 3, 4, 5, and 11) nor has he described any instance in which he was denied access to the courts. Accordingly, Petitioner's Motion to Allow Purchase of Envelopes is denied.

**IV.     Petitioner's Request for Copies**

Liberally construed, Petitioner also requests copies from the court. (*See* Filing No. 1.) Petitioner does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976), ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Petitioner requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Petitioner's request for copies is denied.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Amended Petition (Filing No. 5), the court preliminarily decides that Petitioner's claims are potentially cognizable in federal court.

2. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Amended Petition (Filing No. 5) to Respondents and the Nebraska Attorney General by regular first-class mail.

3. By **March 29, 2013**, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the

following text: **March 29, 2013**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

   E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

   F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**.

5. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

   A. By **March 29, 2013**, Respondent shall file all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

   B. No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

   E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.;

   F. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 29, 2013**: check for Respondent to file answer and separate brief.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*; and

7. Petitioner's Motion to Allow Purchase of Envelopes (Filing No. 3), Motion for Temporary Restraining Order (Filing No. 4), Motion to Appoint Counsel (Filing No. 8), and Motion for Preliminary Injunction (Filing No. 11) are denied.

DATED this 13th day of February, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.